## Case No. 12,738.

### In re SHEEHAN.

[8 N. B. R. 353.] [1]

District Court, E. D. Michigan. May, 1873.

BANKRUPTCY—DISMISSAL UPON PAYMENT—COSTS—COUNSEL FEES.

1. Where there are not other debts beside that of the petitioning creditor, on which the debtor

---

[1] [Reprinted by permission.]

may be adjudged bankrupt, he is entitled to have the proceedings against him dismissed on the payment of the petitioning creditor's debt and the costs.

[Cited in Re Sheffer, Case No. 12,742.]

2. In a case where the adjudication has been resisted, the petitioning creditor may recover the costs that are allowed by law to a party recovering in a suit in equity, as defined by act of February 26, 1853. 10 Stat. 161.

3. In such case a special allowance for counsel fees cannot be made. It is doubtful if it can be legally done in any case.

This matter was heard upon a motion on behalf of the petitioning creditor: First, for an adjudication of bankruptcy against the respondent; or, second, for a reasonable allowance to the petitioning creditor for disbursements in the way of counsel fees and other expenses incurred, the respondent [Daniel Sheehan], having tendered payment of the petitioning creditor's claim, and shown that there are no other creditors to the requisite amount to proceed against him under the bankrupt act. The respondent appeared in response to the order to show cause and put in a denial, but it is conceded that but for the tender, coupled with the fact that there are no other creditors, the petitioning creditor would be entitled to an adjudication of bankruptcy.

Mr. Griffin (Moore & Griffin), for petitioner. Alfred Russell, for respondent.

LONGYEAR, District Judge. I. The reason of the rule that a petitioning creditor may proceed to an adjudication notwithstanding a tender of the full amount of his claim and costs, and that ordinarily he should do so, is that an acceptance of such tender would, in cases of actual insolvency, be a preference and a fraud upon the other creditors; the object of proceedings under the bankrupt act being an equal distribution of estates of insolvents among all their creditors, and not merely for the collection of debts—the ordinary machinery of courts of law and equity being sufficient for the latter purpose where that is the only purpose. It certainly does not need argument to show that the reason of the rule, and consequently the rule itself, has no application to the present case. The motion for an adjudication must, therefore, be denied, and the proceedings must be dismissed; but as the tender by respondent did not include petitioner's costs in this court, it must be on the condition that he pay such costs, in addition to the petitioner's claim.

II. This brings us to the main question presented, viz: What costs must respondent pay, under the circumstances? In the first place, inasmuch as an adjudication was resisted, and it is now conceded that except for the tender the debtor must have been adjudicated a bankrupt, and no costs were tendered, the respondent must pay full costs, as upon an adjudication after hearing. This is not seriously contested. What is contest-

ed, and the question for decision is, whether respondent can be required to pay more than what is legally taxable against him, petitioner's counsel having presented to the court with his motion a bill of costs and disbursements, mostly for counsel fees, and largely in excess of what is legally taxable, and asked that the same may be allowed to be taxed as a special allowance.

The only positive enactment upon this subject, is general order thirty-one which is as follows: "In cases of involuntary bankruptcy where the debtor resists an adjudication, and the court after hearing shall adjudge the debtor a bankrupt, the petitioning creditor shall recover, to be paid out of the fund, the same costs that are allowed by law to a party recovering in a suit in equity, and in case the petition shall be dismissed, the debtor may recover like costs against the petitioner." It was at first contended, on behalf of respondent, that because there was, as yet, no fund in court out of which such costs could be paid, none were recoverable. The court sees no difficulty in that. It is easy enough to create a fund by adjudicating the respondent a bankrupt, which the court would not hesitate to do if he should neglect or refuse to pay the costs after the amount shall have been ascertained. General order thirty-one is so specific that it seems scarcely to admit of question as to what costs may be allowed against the respondent, and that those are such, and such only, as are allowed by law to a party recovering in a suit in equity. What costs are so allowed are readily ascertained by reference to the act of congress covering that subject, (Act Feb. 26, 1853, 10 Stat. 161,) and the equity rules.

But, it is said, it is the uniform practice of the bankruptcy courts to make allowances to petitioning creditors over and above the costs allowed by general order thirty-one. That is very true, but the grounds upon which such allowances are based are entirely wanting here. They are based solely upon the ground of equality of distribution of the estate among the creditors. It is but another mode of compelling all the creditors to bear their just proportion of the expenses of bringing the debtor and his estate into court. Without this element of equality, and as a mere charge against the fund or estate, I think such allowances have no foundation to stand upon; that they are in fact excluded by the express designation of general order thirty-one as to what costs are recoverable, and that they can in no case be legally made. "Inclusio in unius," etc. Such allowances may be, and probably have been made, but I am not aware that the question as to their legality was raised, considered or thought of. This is the first time the question has been raised in this court, and no reported case has fallen under my notice in which it has been presented or considered in any other court. It results that no allow-

ance can be made to the petitioning creditor over and above what is expressly authorized by general order thirty-one, viz.: "The same costs that are allowed by law to a party recovering in a suit in equity."

Let an order be made denying the motion for an adjudication, and for a dismissal of the proceedings, upon the express condition, however, that the respondent pay to the petitioner, or her attorneys, her costs of these proceedings as upon an adjudication of bankruptcy after hearing, on the amount thereof being ascertained by due legal taxation before a proper taxing officer, and granting the parties leave to apply to the court for further directions in the premises as they may be advised.

[For subsequent proceedings in this litigation, see Case No 12,737.]